IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LEONEL PORTILLO-MEZA, 66897-179, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-1024-P |
| | ) | |
| GARLAND POLICE DEPT., ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a federal inmate, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Garland Police Department and Garland police officers Owens and Maas. The Court has not issued process pending judicial screening.

On March 31, 2013, Plaintiff was arrested by the Garland Police Department for failure to identify as a fugitive. *See* PSR in *United States v. Portillo-Meza*, No. 3:12-CR-205-N (N.D. Tex.). On that same date, a federal immigration detainer was lodged against Plaintiff. On April 9, 2012, Plaintiff was convicted in state court of failure to identify as a fugitive and was sentenced to thirty days in jail. *State of Texas v. Jose Leonel Portillo-Meza*, No. MA1229844 (Crim. Ct. No. 1, Dallas, Tex. Apr. 9, 2012). On June 12, 2012, Plaintiff was transferred to federal custody. Plaintiff was charged with unlawful reentry after removal. *United States v.*

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**      Page -1-

*Portillo-Meza*, No. 3:12-CR-205-N (N.D. Tex.). On July 9, 2013, Plaintiff was found guilty and was sentenced to thirty-seven months in prison and a two-year term of supervised release.

Plaintiff claims he was falsely arrested and his arrest caused the loss of his business. He seeks an investigation and money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the

invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not alleged or shown that his conviction for failure to identify as a fugitive has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**RECOMMENDATION**

The Court recommends that the complaint be dismissed until the *Heck* conditions are met.

Signed this 8th day of April, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).