IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LEONEL PORTILLO-MEZA, 66897-179, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-1024-P |
| | ) | |
| GARLAND POLICE DEPT., ET AL., | ) | |
| Defendants. | ) | |

## ORDER

The United States Magistrate Judge made findings, conclusions and a recommendation in

this case.  Plaintiff filed objections, and the Court has made a *de novo* review of the objections.

For the reasons stated below, the Court OVERRULES Plaintiff's objections and hereby

DISMISSES the complaint.

On March 16, 2014, Plaintiff filed this complaint alleging that Defendants unlawfully

arrested him on March 31, 2013 for domestic violence.  He states he was never charged with

domestic violence, but that as a result of the arrest, he lost his business.  Plaintiff seeks money

damages.

The Magistrate Judge entered findings, conclusions and a recommendation that the

complaint be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Magistrate

Judge determined that on March 31, 2013, Garland police officers arrested Plaintiff and charged

him with failure to identify as a fugitive.  On April 9, 2013, Plaintiff was convicted and

sentenced to thirty days in jail on this charge.  This conviction has not been vacated or set-aside,

therefore the Magistrate Judge found Plaintiff's complaint was barred by the Supreme Court's

decision in *Heck*.

On April 24, 2014, Plaintiff filed objections to the Magistrate Judge's findings, conclusions and recommendation.  Plaintiff states he challenges only his arrest for domestic violence, not his arrest for failure to identify as a fugitive.[1]  He states his claims are not barred by *Heck* because he was never charged or convicted of domestic violence.

Although Plaintiff's claims are not barred by *Heck*, the claims are subject to summary dismissal.  Plaintiff alleges he lost his business because of his wrongful arrest.  Plaintiff, however, does not dispute that as a result of his March 31, 2013 arrest, he was charged and convicted of failure to identify as a fugitive.  Further, after Plaintiff served his state sentence, he was transferred to federal custody where he was convicted of unlawful reentry after removal and sentenced to thirty-seven months in prison.  Thus, Plaintiff has failed to show that any alleged loss of his business was due to an arrest for domestic violence, rather than the valid arrest and convictions for failure to identify as a fugitive and unlawful reentry after removal.  Plaintiff's objections are hereby OVERRULED and his complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e).

SO ORDERED this 21st day of May, 2014.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1]Although there is no evidence Plaintiff was arrested for domestic violence on March 31, 2013, at this stage of the proceedings the Court accepts Plaintiff's allegation as true.  Further, although Plaintiff cites cause number 91-96-77-83-93 for the domestic violence case, that cause number does not identify any Dallas County case.